UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. PORTER-BEY, | CASE NO. 1:10-cv-00834-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| J. CUIFO, | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendant. | |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Jerome A. Porter-Bey, a former federal prisoner proceeding pro se and in forma pauperis, filed this civil action on May 3, 2010, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

///

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

J. Cuifo, Unit Manager, United States Prison, Atwater (Atwater) is the sole defendant in this action. Plaintiff alleges that on June 15, 2009, he gave the Defendant legal correspondence to be mailed to this court. On approximately July 6, 2009, Plaintiff was notified by this Court that he had no case pending. (Compl. at 2, 3.)

## IV. ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff does not identify which of his federal rights were violated or how the Defendant took any action that could be perceived as participation in a constitutional violation. The Court will grant Plaintiff an opportunity to amend his claims so that he may undertake to allege truthful facts demonstrating that the Defendant violated Plaintiff's federal rights. To the extent Plaintiff intended to allege a violation of his First Amendment right to either send mail or petition the courts, he has failed to state a claim. The remainder of this order will outline the legal standards applicable to claims Plaintiff may conceivably wish to assert.

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). But isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir.1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay in mail processing does not violate prisoner's First Amendment rights); Haney v. Woods, 2012 WL 161034, *2 (E.D. Cal. Jan. 18, 2012); but see Grisby v. Horel, 341 Fed.Appx. 311, 1 (unpub.) (9th Cir. 2009).

The right of access to the courts is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to

3

vindicate basic constitutional rights. Lewis v. Casey, 518 U.S. 343, 354 (1996). To establish a violation of the right of access to courts, a prisoner must establish that he has suffered an actual injury. Id. at 349; Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348; see also Madrid, 190 F.3d at 996; Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996).

The Complaint does not allege interference with Plaintiff's mail. Instead Plaintiff alleges only that he gave Defendant Cuifo some undescribed "legal documents" to be mailed to this Court and suggests that the mail apparently was not received or acknowledged by the Court. Presumably, Plaintiff believes the Defendant failed to mail the documents, but he has alleged no facts that would raise that belief to anything more than speculation or suspicion. Moreover, Plaintiff's attachments to his Complaint belie his suspicion. A prison response to Plaintiff's "Request for Administrative Remedy," attached as Exhibit B to his complaint, explains that Defendant Cuifo collected Plaintiff's legal mail and placed it "in the outgoing mail later that week." (Compl. at 6.) Some time later, Plaintiff inquired with the Court regarding the status of the case. Plaintiff alleges that the Clerk of the Court informed him (via Exhibit A to his complaint) that there was no record of a case name or number. Actually, Exhibit A simply notes Plaintiff's failure to provide a case number and that the Clerk's office does not respond to individual case status inquiries. (Id. at 5.) In short, the evidence before the Court states that Defendant Cuifo did in fact mail Plaintiff's documents. Even if the c ontrary were true, Plaintiff has not alleged improper motive or that he in fact was denied, and lost, access to the courts.

In order to state a First Amendment claim of mail interference under Bivens, Plaintiff

4

must allege specific facts showing that his legal mail went undelivered as a result of an improper motive or resulted in an interference with Plaintiff's right to access the courts. An access to courts claim requires that Plaintiff have suffered actual injury, that is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. Plaintiff must also link the Defendant to his allegations of wrongdoing - he must allege specific facts showing how the Defendant actually caused the deprivation of his First Amendment rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Specifically, he must allege some true facts, **in addition to those previously alleged**, to support a claim that Defendant, with improper motive, intentionally prevented the mailing of Plaintiff's legal documents **and,** that as a result, Plaintiff has been permanently deprived of the right to bring a legitimate legal action. An amended pleading alleging again only that Plaintiff believes the Defendant wronged him because Plaintiff believes the mail never arrived at the Court will not only be dismissed, but

5

may expose Plaintiff to sanctions.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) the form complaint for use in a Bivens civil rights action and (2) a copy of his Complaint, filed May 3, 2010;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 27, 2012                    /s/ *Michael J. Seng*
ci4d6                                         UNITED STATES MAGISTRATE JUDGE